DOMENGEAUX, Judge,
dissenting.
I respectfully suggest that plaintiff’s suit should have been dismissed as premature under La.R.S. 23:1314. The record is replete with evidence that the employer furnished plaintiff more than adequate medical attention as required by law. Plaintiff began to “doctor shop”. To a large extent the new doctors repeated what had already been done by the doctors who had previously seen and treated plaintiff.
Plaintiff was paid the correct compensation rate from the time of the accident to the time of trial.
Under the rationale of the majority opinion, a compensation claimant could conceivably go from doctor to doctor ad infinitum, notwithstanding the furnishing of adequate medical attention by the employer, and thereby proceed prematurely with suit if the employer refuses to pay those additional medical bills.
I respectfully suggest that the rationale of the appropriate parts of the Cooley, Ducote, and Sam cases cited in the majority opinion should apply here. See also Jack v. F & C Co. of N.Y., 306 So.2d 806 (La.App.3rd Cir.1975).
I do not mean to infer in this dissent that plaintiff has no cause or right, now or in the future, in a separate action if need be, to sue for or claim payment of these additional medical bills. I only conclude that he can’t use these nonpayments to bypass the effect of La.R.S. 23:1314.